UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JABARI HASHIM SPENCER,

                Plaintiff,          10-CV-822(Sr)

v.

DEPUTY HUSSAN, et al.,

                Defendants.

---

## DECISION AND ORDER

Plaintiff, Jabari Hashim Spencer, proceeding *pro se*, has filed a motion for the appointment of counsel. Dkt. #11.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

    The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

    The Court has reviewed the facts presented herein in light of the factors required by law.  At the time plaintiff commenced this *pro se* action, on or about October 18, 2010, he was housed at the Elmira Correctional Facility; plaintiff is presently housed at the Five Points Correctional Facility.  In his complaint, plaintiff alleges that while he was being held in protective custody at the Erie County Holding Center on July 21, 2010, he was assaulted by a fellow inmate, Kevon Walker and as a result, suffered serious head and facial injuries.  Dkt. #1.  In addition, plaintiff alleges

that defendants, Captain Hartman, Chief Reardon and Deputy Delio, failed to protect him before and during the assault.  *Id*.  Moreover, plaintiff further alleges that following treatment at the Erie County Medical Center and following his return to the Erie County Holding Center, defendants, Deputy Hussan and Deputy Knuffer, continuously denied plaintiff's requests for additional necessary medical treatment.  *Id*.  Plaintiff's motion is devoid of any statements supporting his request for the appointment of counsel.  In fact, plaintiff's motion, in its entirety, states,

> I am seeking representation on [sic] my complaint against officers of [sic] Erie County Holding Center.  I was granted my request to procede [sic] in forma pauperis and I have just recieved [sic] a motion and answer back from the defendants.  My name is Jabari Spencer I/M 10B2970 case number 10CV822.  Please get in contact with me so that I can procede [sic] with my case with the proper representation.

Dkt. #11.  The facts in this matter are not complex and plaintiff has not established, at this early stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.  The Court notes that discovery has not yet commenced and a Preliminary Pretrial Conference has been scheduled for May 23, 2011 at 10:30 a.m. at which time a Case Management Order setting forth the discovery-related deadlines will be entered.

For the foregoing reasons, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED: Buffalo, New York
April 18, 2011

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**